**UNITED RAILROAD OPERATING CRAFTS
et al. v. WYER.**

United States District Court,
S. D. New York.
Dec. 29, 1952.

Maurice R. Whitebook, New York City, for plaintiffs.

Richard R. Bongartz, New York City, for defendant.

WEINFELD, District Judge.

I find no basis on which to deny the movants herein, Carlson and Owens, the same temporary restraining relief which was heretofore granted to the plaintiffs Gallagher and Hunt under the order of Judge Sugarman, dated October 30, 1952. The fundamental issue is the same—whether United Railroad Operating Crafts, hereafter referred to as UROC, is a labor organization national in scope, as required by 45 U.S.C.A. § 152, Eleventh (c). The issue with respect to mailing of notices requesting a hearing does not alter the situation. There is a substantial question, which I do not deem necessary to pass upon on this application, as to the validity of the provisions of the agreement establishing procedure to determine an employee's status and compliance with membership in a union as required by the Act. There is no provision therein, at least I find none, authorizing such procedure. Here, the fact of Carlson's and Owen's membership in UROC is not in dispute and so the basic issue still remains—the scope of UROC.

I believe a case of irreparable injury is made out sufficient to warrant a temporary restraining order in favor of each movant who is faced with the alternative of continued loss of wages during litigation to void his alleged illegal discharge or holding on to his job by yielding to the imposition of terms which he believes violate his right to maintain membership in a union of his choice where there appears to be substantial basis for his position.

The comment of Mr. Justice Douglas in his dissenting opinion in United Public Workers of America v. Mitchell, 330 U.S. 75, 117, 67 S.Ct. 556, 578, 91 L.Ed. 754, seems particularly pertinent:

"But to require these employees first to suffer the hardship of a discharge is not only to make them incur a penalty; it makes inadequate, if not wholly illusory, any legal remedy which they may have. Men who must sacrifice their means of livelihood in order to test their rights to their jobs must either pursue prolonged and expensive litigation as unemployed persons or pull up their roots, change their life careers, and seek employment in other fields. At least to the average person in the lower income groups the burden of taking that course is irreparable injury, cf. Ex parte Young, 209 U.S. 123, 165,

28 S.Ct. 441, 456, 52 L.Ed. 714, no matter how exact the required showing. Cf. Watson v. Buck, 313 U.S. 387, 400, 61 S.Ct. 962, 966, 85 L.Ed. 1416."

The motion is granted and the restraining order shall be in substantially the same form heretofore issued by the order of October 30, 1952, and shall continue until final determination of the pending motion for preliminary injunction presently set for January 20, 1953. Counsel are invited to submit suggestions as to the amount of the bond. The motion to join the movants as plaintiffs herein upon appropriate amendments is granted, the amended complaint to be served within five days after entry of an order hereon.

Settle order on notice.